901 P.2d 1270

Uria Howard AGA, Individually, and as Special Administrator of the Estate of Nancy Aga, Deceased, and as Next Friend of Galutau Ierome Aga, Manhart Penina Aga, Paulo Tamatane Aga, and Jacob Howard Aga, minors, Plaintiffs–Appellants/Cross–Appellees,

v.

Scott HUNDAHL, M.D., Defendant–Appellee/Cross–Appellant,

and

the Queen's Medical Center; the Queen's Health System; the Queen's Health Technology Corporation; the Queen's Health Care Plan Inc.; the Queen's Health Services; Kaiser Foundation Hospital; Kaiser Foundation Health Plan Inc.; Hawaii Permanente Medical Group Inc.; Kaiser Foundation International; Hawaii Kaiser Permanente Care; John Does 1–50; Jane Does 1–50; Doe Municipalities 1–50; Doe Partnerships 1–50; and Doe Corporations 1–50, Defendants.

No. 17330.

Supreme Court of Hawai'i.

Aug. 31, 1995.

Dennis E.W. O'Connor and Kelvin H. Kaneshiro, on the motion, Honolulu, for defendant-appellee/cross-appellant.

David C. Schutter and James Shin, on the motion, Honolulu, for plaintiffs-appellants/cross-appellees.

MOON, C.J., LEVINSON, NAKAYAMA, JJ., CRANDALL, Circuit Judge, in place of KLEIN, J., Recused and HUDDY, Circuit Judge, in place of RAMIL, J., Recused.

PER CURIAM.

This case arises from a medical malpractice jury trial in which appellee/cross-appellant, Scott Hundahl, M.D. (Appellee), was found negligent but his negligence was not the legal cause of Nancy Aga's (Nancy) death. Appellants/cross-appellees, Nancy's husband, Uria Howard Aga, and her four children (collectively Appellants), appealed the jury's verdict. This court affirmed the

jury's verdict in *Aga v. Hundahl,* 78 Hawai'i 230, 891 P.2d 1022 (1995).

Appellee, as the prevailing party, now requests costs pursuant to Hawai'i Rules of Appellate Procedure (HRAP) Rule 39(c)(1) and (c)(4), in the amount of $6,873.13 for transcripts and photocopying.[1] For the reasons set forth below, we grant Appellee's request in part and deny it in part.

## I. *DISCUSSION*

HRAP Rule 39(c) entitles a prevailing party on appeal to recover costs incurred as a result of an appeal. HRAP Rule 39(c)(1) defines "costs in the appellate courts" as "the cost of the original and one copy of the reporter's transcripts *if* necessary for the determination of the appeal[.]" (Emphasis added.)

Appellee's Verified Bill of Costs requests costs for transcripts and photocopying. Most of the transcript costs, however, were incurred during trial and before the filing of the notice of appeal. In addition, the costs incurred during trial were for expedited daily transcripts. Appellants object to Appellee's request for transcript costs, contending that Appellee has not shown why the particular transcripts were "necessary for the determination of the appeal." HRAP Rule 39(c)(1). Essentially, Appellants contend that the transcripts were: (1) not relevant to the issues raised in the appeal; and (2) not "necessary" insofar as Appellee had already obtained expedited daily transcripts during trial.

■ As to Appellants' first contention, Appellee asserts that the issues addressed in the opinion required this court to review the transcripts. We agree. On appeal, Appellants contended, *inter alia,* that: (1) the jury's verdict was not supported by the evidence; (2) the trial court erred in certain evidentiary rulings; and (3) the trial judge displayed a personal bias against appellant's counsel. This court's determination of these issues clearly required a review of the transcripts. Accordingly, we hold that the transcripts were relevant to the issues addressed by this court.

■ As to Appellants' second contention, we agree in part and disagree in part. As previously stated, HRAP Rule 39(c)(1) defines "costs" in the appellate courts as the cost of the original and one copy of the reporter's transcripts, assuming, of course, that the costs were actually incurred. In this case, Appellants actually incurred the cost of the transcripts that were filed with this court, and Appellee, of course, cannot recover those costs. However, as the prevailing party on appeal, Appellee is also entitled to recover the cost for his own copy of the transcripts. There is no limiting language in HRAP 39(c)(1) precluding the prevailing party from recovering transcript costs that were incurred during trial, but were nevertheless necessary for the determination of the appeal. Because the transcripts in this case were necessary for the determination of the appeal, we hold that Appellee is entitled to recover the cost of one copy of the transcripts, regardless whether the costs were incurred before or after the filing of the notice of appeal.

■ Appellee in this case, however, seeks to recover costs for *expedited daily transcripts.* Because Appellee is only entitled to recover costs for one copy of the transcripts, we deny Appellee's request for transcript costs to the extent that it exceeds the standard cost of one copy of the transcripts.

The allowable fees for an original and a copy of transcripts are set forth in Hawai'i Revised Statutes (HRS) § 606–13 (1985), which provides in relevant part:

> *Salary and perquisites of reporters.* Each reporter shall receive for his [or her] services as prescribed in section 606–12 the salary that may be appropriated from time to time as compensation for his [or her] services in court. He [or she] may also charge for his [or her] services a fee

for photocopying costs in the amount of $302.40.

*not to exceed $1.50 per twenty-five line page for the original ribbon copy of transcripts* of testimony and proceedings and *60 cents per twenty-five line page for each carbon copy thereof made at the same time when such transcripts are prepared in their regular order for the purposes of appeal to the supreme court and a fifty per cent additional fee for expedited service when transcripts are prepared during the course of a trial....* (Emphasis added.).

Although HRAP Rule 39(c)(1) does not authorize recovery of the costs of expedited daily transcripts, Appellee is nonetheless entitled to recover the cost of one copy of the transcripts in the amount authorized by HRS § 606–13. In the present case, Appellee obtained 1,508 pages of transcripts. Appellee is entitled to recover the costs of a copy of these transcripts at the rate of sixty cents per twenty-five line page.[2] Accordingly, we hold that Appellee may recover transcript costs in the amount of $904.80.

In addition, we grant Appellee's request, pursuant to HRAP Rule 39(4)(c), for photocopying costs in the amount of $302.40.

## II. *CONCLUSION*

Based on the foregoing, we grant Appellee's request for costs relating to transcripts and photocopying in the amount of $1,207.20, inasmuch as they were "necessary for the determination of the appeal." However, we deny Appellee's request for transcript costs in excess of sixty cents per twenty-five line page as provided under HRS § 606–13. An appropriate order shall be filed concurrently with this opinion.

**2.** The fees charged by court reporters in this case exceeded the amounts permitted by HRS § 606–13. However, because HRS § 606–13 clearly limits court reporters' fees, we similarly limit Appellee's recovery to fees not in excess of those set forth in HRS § 606–13.